| Order Form (01/2005) | United States District Court, Northern District of Illinois | | |
|---|---|---|---|
| Name of Assigned Judge or Magistrate Judge | Philip G. Reinhard | Sitting Judge if Other than Assigned Judge | |
| CASE NUMBER | 11 C 50053 | DATE | 3/15/2011 |
| CASE TITLE | Dellace Cloy Holten, Jr. vs. Jerome Costilow, et al. | | |

**DOCKET ENTRY TEXT:**

For the reasons stated below, the court grants the motion to proceed in forma pauperis, dismisses the entire complaint, denies the request for appointment of counsel as moot and dismisses this cause in its entirety.

*Philip G. Reinhard*

■ [ For further details see text below.]

Notices mailed by Judicial staff.

### STATEMENT - OPINION

Plaintiff, Dellace Holten, filed a pro se complaint pursuant to 42 U.S.C. § 1983 against three Illinois State Police Officers. Although the allegations of the complaint are somewhat convoluted, they appear to relate to matters arising out of a separate lawsuit (02 C 50201) in which plaintiff is also the plaintiff, which was filed in 2002, and which is currently pending before Magistrate Judge Mahoney.[1] Further, the prayer for relief in the present case asks that plaintiff be allowed to "add an additional count" to his pending case or allow a "separate count 'not' added to" his pending case.

Initially, the court grants plaintiff's request to proceed in forma pauperis (IFP). Based on his financial affidavit, he arguably has established he is unable to prepay the filing fee. See 28 U.S.C. § 1915(a)(1).

Because plaintiff has been allowed to proceed IFP, the court must conduct a review of his complaint pursuant to 28 U.S.C. § 1915(e)(2). Section 1915(e)(2)(B) provides for dismissal of any claim that is frivolous, malicious, or fails to state a claim on which relief may be granted.

Pursuant to its review under § 1915(e)(2), the court dismisses the entire complaint because it seeks relief that is directly related to a pending case. Plaintiff cannot use the filing of a separate lawsuit to effectuate the addition of new claims in his pending civil case. To the extent he can obtain the type of relief he seeks, he must do so within the confines of that case.

Further, to the extent he seeks to file a count "not added to" his pending case, the claim fails as he cannot seek to amend his complaint in his original case by filing an entirely separate lawsuit in which he would then bring the claim that would otherwise have to be brought in his original case. The court is aware of no authority for such a procedure. To the extent he can obtain the type of relief he seeks, he must do so within the confines of that case.[2]

For the foregoing reasons, the court grants the motion to proceed in forma pauperis, dismisses the entire complaint, denies the request for appointment of counsel as moot, and dismisses this cause in its entirety.

---

1. This case was originally assigned to Judge Reinhard but was subsequently reassigned to Judge Kapala upon his appointment as a United States District Judge and, in turn, assigned to Magistrate Judge Mahoney pursuant to consent of the parties.

2. The court is in no way suggesting that such relief is available to plaintiff at this late stage of his pending lawsuit, that is a matter for Judge Mahoney to decide should plaintiff choose to seek such relief in that case.